**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| David Buess, et al., | ) | Case No. 13CV1228 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Barack Obama, et al., | ) | |
| | ) | |
| Defendants | ) | |

*Pro se* Plaintiffs David L. Buess and Winona Mae Palmiotti bring this *in forma pauperis* action against President Barack Obama, Hancock Federal Credit Union, the Internal Revenue Service (I.R.S.), William C. Cobb, President and CEO of H&R Block, and the Department of Treasury (Doc. No. 1.). The case caption identifies the complaint as a "Civil Action in Common Law with Criminal Intent; Due Process Violations, TREASON against the Constitution, Perjury, Cannibalism, False Advertizing, Counterfeiting, Honest Service Fraud, Collusion, R.I.C.O. and Impersonating a government entity." *Id.* Plaintiffs seek $82,458,946.81 in damages.

**Background**

Mr. Buess and Ms. Palmiotti identify themselves as "non-corporate, American Indian[s] living off reservation(s), [and] prison camps." (Compl. at 3.). Although they do not disclose the nature of their relationship, the couple shares the same street address in Arlington, Ohio. Because the complaint is signed by only Mr. Buess, however, I will limit the scope of my analysis to him.

The stated purpose for filing the Complaint is to "correct misstated information and falsely reported information" allegedly furnished by the I.R.S. and Hancock Federal Credit Union. Mr. Buess believes the I.R.S. is an agency from Puerto Rico that is using his "Social Security numbers

without [his] permission, conducting audits based on fraud, Created fraudulent tax bills, Treason against the Constitution as 'Indians not taxed' and no law requires any person to pay." (Compl. at 4.). Mr. Buess argues that the following "[paperwork submitted" by the defendants was a counterfeit: "form 668-A(c)Rev.1-01)16740V Sect 6331. LEVY AND DISTRAINT." (Compl. at 3.).

Below a paragraph titled "Introduction," which states a myriad of conclusory declarations, Mr. Buess lists the following three Counts: (1) Count I *Civil RICO*, (2)Count II *Collusion*, and (3) Count III *Obstruction of Justice*. Under Count I, he states the United States "is a bankrupt corporation." (Compl. at 3). The remainder of the Count is a reprinted and unsigned letter addressed to Ohio Attorney General Mike DeWine and Secretary of State Jon Husted, dated April 7, 2013. The letterhead indicates it was sent by Mr. Buess and provides notice that he is declaring his birth records "null and void."

Count II of the Complaint notes there are "some 60 rulings of the United States Supreme Court relating to tax cases," but none are mentioned in the Internal Revenue Code (IRC). As such, Mr. Buess questions how a judge can rely on decisions of a higher court when they are not included in the IRC. He perceives this alleged omission as "[i]ntentional fraud" by Congress. (Compl. at 8.). In addition, Mr. Buess asks why the I.R.S. is sending him "individual income tax forms" when he believes the agency considers him a "corporate entity." *Id.* He alleges this is constitues fraud by trickery. Mr. Buess concludes Count II challenging the I.R.S.'s right to levy him without due process of law. From this, he asserts the defendants are in violation of 18 U.S.C. § 3771.

The Complaint continues with allegations that President Franklin Roosevelt committed "Theft of the United States Treasury" when he signed the Gold Standards Act into law by Executive

Order 6102. (Compl. at 9.)  Mr. Buess alleges further that President Roosevelt collaborated with Congress to turn over control of the United States to the international banking community, the British Crown, and "Communists, Dictators and Monarchs via the United Nations." (Compl. at 9-10.). A laundry list of criminal statutory references follow, without any factual allegations linking Mr. Buess to any compensable injury he suffered as a direct result of the defendants' actions.

In Count III, Mr. Buess complains, in part, that he asked the United States Marshal Service, Office of Management and Budget, Secret Service, the Department of Justice, Congress, and President Obama to investigate his accusations of fraud against the I.R.S. Each entity or party allegedly ignored his request. From this he concludes the defendants' failure to respond clearly supports an obstruction of justice charge against the defendants. Following Count III, Mr. Buess includes a paragraph titled *Criminal Charges*, listing a series of criminal and civil statutes, and a separate paragraph titled *Cases*, which includes a list of federal case citations.

## Discussion

### 1. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A generous construction of *pro se* pleadings is not without limits, however. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A district court is required to dismiss a claim or action under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222,

(6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, I dismiss the complaint.

## 2. Notice of Levy

Because Mr. Buess references "[26 U.S.C.§] 6331" in his Complaint, a liberal reading suggests the I.R.S. may have issued a Notice of Levy to him. A Notice of Levy is a procedure through which the United States can recover a tax deficiency. *See* 26 U.S.C. § 6331(a). Consistent with § 6331, the Secretary of Treasury is authorized to collect taxes by levy upon property belonging to the person named if he or she neglects or refuses to pay. *See id*. The statute further provides an administrative review process that allows a taxpayer to request an Appeals hearing with regard to a levy notice. *See* 26 U.S.C. § 6331(b). It is at the Appeals hearing where the taxpayer is permitted to raise any matters set forth in 26 U.S.C. § 6330(c)(2). *Id*. Even if a tax liability is determined, the taxpayer is still entitled to thirty days advance notice that the Secretary of Treasury intends to issue a levy upon the tax payer's salary, wages, or other property with respect to unpaid taxes. *See* 26 U.S.C. § 6331(d).

Without addressing any of these provisions, Mr. Buess states simply: "So where does the I.R.S. get off to levy me without due process of law? Plaintiff is now crime victims [sic] Title 18 U.S.C. § 3771." (Compl. at 9.)

Mr. Buess is not a "crime victim" as that term is defined under the Crime Victims' Rights Act (CVRA).  The statute defines a victim as a person "directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Despite Mr. Buess's conclusory statements, there is no federal or District of Columbia

---

224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

offense that has caused direct or proximate harm to him. Moreover, there are no allegations that Mr. Buess was denied any of the due process provisions outlined in 26 U.S.C. § 6330. Instead, he attacks the authority of the I.R.S. to take any action because he believes "the I.R.S. can take no action without a court order [,and] I have never been charged with a crime, arrested nor convicted of tax fraud." (Compl. at 5.) The only legal support he provides for this declaration is "Schultz v. Commissioner U.S. District Court, NY," a case reference for which there is no reported or unreported citation in any federal reporter.

### 3. Failure to State a Claim

Even after a generous reading of the Complaint I cannot discern any justiciable claim for relief against the defendants. Legal conclusions alone are insufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

While Mr. Buess levels a laundry list of allegations against the defendants, "[t]he presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements." *Diamond v. Charles*, 476 U.S. 54, 62 (1986). The Supreme Court has consistently required a plaintiff "show that he personally has suffered some actual or threatened injury as a result of [defendant's] putatively illegal conduct[.]" *Gladstone, Realtors v. Vill. of Bellwood,* 441 U.S. 91, 99 (1979).

Furthermore, Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That standard does not require "detailed factual allegations," but it demands more than an unadorned legal accusation. *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. There are no allegations on the face of the Complaint that state a plausible federal claim against the defendants.

Finally, Mr. Buess cannot file a civil complaint against the defendants in reliance on 18 U.S.C. §§ 4, 241, 242, 1503, 1957, or 2382. A private individual may file suit under a federal criminal statute only if Congress intended to create a private right of action for civil parties. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Rarely is there a private right of action under a criminal statute. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). "Express provisions for criminal prosecution and administrative enforcement ... without a corresponding provision for private enforcement, generally establish that private enforcement is inappropriate." *Israel Aircraft Indus. Ltd., v. Sanwa Bus. Credit Corp.*, 16 F.3d 198, 200 (7th Cir.1994). In addition, "a statute proscribing particular conduct but not identifying specific beneficiaries—for example, a statute forbidding murder or burglary—generally is enforced by public prosecutors, with private enforcement only if the statute creates an express right of action." *Id.*

Accordingly, Mr. Buess has no authority to initiate a federal criminal prosecution of the defendants for their allegedly unlawful acts. *See Hamilton v. Reed*, 29 F App'x 202, 204 (6th Cir. 2002); *see Keyter v. Bush*, 2005 WL 375623, *1 (D.C. Cir.) (affirming dismissal of claims brought "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action").

**Conclusion**

For the reasons set forth above, it is hereby ORDERED THAT:

1. The Motion to Proceed *in forma pauperis* (Doc. 2) be, and the same hereby is granted;

2. The Motion to Recuse Judicial Officers (Doc. 3) and Motion to Pay All Fees from Cesta Que Trust (Doc. 6) be, and the same hereby are denied; and

3. The complaint (Doc. 1) be, and the same hereby is dismissed under section 1915(e). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."